# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

SUMMONS

**185945/2025**
01/13/2025 01:17:18 PM
Receipt # 2025672299
1 Pages

Joseph A. Jastrzemski, Niagara County Clerk       Clerk: LMH

TIMOTHY ECKERT

(Names of Plaintiff(s)/Petitioner(s))

VS

Summons

Index No. _____

R. SCOTT DELUCA

(Names of Defendant(s)/Respondent(s))

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: JANUARY 13, 2025
(Date of Summons)

*/s/ Timothy Eckert*
TIMOTHY ECKERT
(Plaintiff(s) name - person bringing on lawsuit)
7571 FAIRVIEW DR.
(Plaintiff(s) street address)
LOCKPORT, NY 14094
(Plaintiff(s) city, state, zip)
716.566.0767
(Plaintiff(s) telephone no.)

R. SCOTT DELUCA
(Defendant(s) name - person(s) sued)
50 Fountain Plaza, Suite 1400
(Defendant(s) street address)
Buffalo, New York 14202
(Defendant(s) city, state, zip)

ORIGINAL FILED
JAN 1 3 2025
JOSEPH A. JASTRZEMSKI
NIAGARA COUNTY CLERK

Venue:   Plaintiff(s) designate(s) NIAGARA County as the place of trial. The basis of this designation is: (Enter County above; then select one category below, listing specific County)

☒   Plaintiff(s)' Residence in NIAGARA County.
☐   Defendant(s)' Residence in _____ County.
☐   Other -- Describe: _____

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

COMPLAINT

185945/2025
01/13/2025 01:17:18 PM
Receipt # 2025672299
6 Pages

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

Joseph A. Jastrzemski, Niagara County Clerk            Clerk: LMH

Timothy Eckert,                    ) Case No.:
                                   )
            Plaintiff,             ) Complaint
                                   )
      vs.                          )
                                   )
R. Scott DeLuca,                   )
                                   )
            Defendant              )

ORIGINAL FILED
JAN 1 3 2025
JOSEPH A. JASTRZEMSKI
NIAGARA COUNTY CLERK

Dated this 10th day of January, 2025

7571 Fairview Dr.
Lockport, NY 14094
Pro Se :Timothy Eckert

## NATURE OF THE ACTION

1. This is an action for fraud, intentional infliction of emotional distress, abuse of process, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), and punitive damages arising from Defendant's willful and intentional misconduct in the course of representing the defendants in a related matter. Defendant knowingly misrepresented the scope of a stay order, intentionally omitted critical pleadings from the removal index, and engaged in fraudulent conduct as part of a coordinated scheme to obstruct justice, delay Plaintiff's ability to secure relief, and harm Plaintiff's legal and personal interests.

Complaint - 1

## PARTIES

2. Plaintiff Timothy Eckert is a resident of the State of New York, residing at 7571 Fairview Drive, Lockport, NY 14094.

3. Defendant R. Scott DeLuca is an attorney licensed to practice law in the State of New York and is employed by Ogletree, Deakins, Nash, Smoak & Stewart, P.C., located at 50 Fountain Plaza, Suite 1400, Buffalo, New York 14202.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to CPLR § 301, as Defendant is domiciled in New York and the events giving rise to this action occurred within the State of New York.

5. Venue is proper in Niagara County pursuant to CPLR § 503(a), as the acts complained of occurred in this County, and Defendant conducts business in this jurisdiction.

## FACTUAL ALLEGATIONS

6. Plaintiff is the plaintiff in a related case involving multiple defendants, including employees of General Motors, wherein Plaintiff asserts claims for defamation, intentional infliction of emotional distress, civil conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).

7. Defendant, as legal counsel for the defendants in the related case, was responsible for filing the Notice of Removal pursuant to 28 U.S.C. § 1446(a) when the case was removed from New York State Court to the United States District Court for the Western District of New York.

8. In the course of filing the Notice of Removal, Defendant intentionally and willfully omitted crucial pleadings from the state court record, including Plaintiff's Motion for Default Judgment and Order to Show Cause for a Temporary Restraining Order (TRO).

9. The omission of these critical documents was done with the intent to mislead the court, delay Plaintiff's ability to secure relief, and gain an unfair advantage for Defendant's clients.

10. Additionally, Defendant knowingly misrepresented the scope of a stay order issued by Justice Sedita in state court, falsely asserting that it applied to Defendant Carmelo Arroyo, who was not represented by counsel at the time and was already in default.

11. Defendant engaged in multiple fraudulent filings to conceal these omissions and defend the misrepresentation of the stay, further compounding the harm caused to Plaintiff.

12. Defendant's fraudulent conduct was part of a coordinated scheme involving the law firm and the defendants in the related case to obstruct justice and protect their clients from accountability.

13. As a direct and proximate result of Defendant's fraudulent actions and misrepresentations, Plaintiff has suffered irreparable harm, including but not limited to: a. Emotional distress and mental anguish requiring medical treatment; b. Reputational damage; c. Financial losses from prolonged litigation and delayed relief; d. Damage to Plaintiff's relationship with the United Auto Workers (UAW) union.

## CAUSES OF ACTION

First Cause of Action: Fraud

14. Plaintiff incorporates by reference the allegations in paragraphs 1 through 13 as though fully set forth herein.

15. Defendant knowingly and intentionally omitted material pleadings from the removal index and misrepresented the scope of the state court stay order with the intent to deceive the court and harm Plaintiff.

16. Defendant's fraudulent conduct directly caused delays in Plaintiff's case and irreparable harm to Plaintiff's legal and personal interests.

17. Plaintiff is entitled to compensatory and punitive damages as a result of Defendant's fraudulent conduct.

Second Cause of Action: Intentional Infliction of Emotional Distress (IIED)

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth herein.

19. Defendant's conduct, including misrepresenting the stay's scope and concealing crucial pleadings, was extreme, outrageous, and beyond the bounds of decency in a civilized society.

20. Defendant's actions were intentional or reckless and caused Plaintiff severe emotional distress, requiring medical treatment.

21. Plaintiff is entitled to compensatory and punitive damages for the severe emotional distress caused by Defendant's conduct.

Third Cause of Action: Abuse of Process

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as though fully set forth herein.

23. Defendant misused legal procedures, including the removal process and stay misrepresentation, to obstruct Plaintiff's ability to pursue his claims and secure relief.

24. Defendant's abuse of process was done with an improper purpose and directly harmed Plaintiff.

25. Plaintiff is entitled to damages for Defendant's abuse of legal process.

Fourth Cause of Action: Violations of the Racketeer Influenced and Corrupt Organizations Act (RICO)

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as though fully set forth herein.

27. Defendant's actions constitute a pattern of racketeering activity, including multiple acts of wire fraud (18 U.S.C. § 1343) and obstruction of justice (18 U.S.C. § 1503), committed in furtherance of a scheme to obstruct justice and harm Plaintiff.

28. Defendant's electronic filings, including the fraudulent removal index and subsequent filings defending the omissions and misrepresentations, constitute predicate acts under RICO.

29. Defendant acted in coordination with their law firm and clients (the defendants in the related case) as part of an enterprise engaged in a scheme to defraud and obstruct justice.

30. As a direct result of Defendant's RICO violations, Plaintiff has suffered financial losses, emotional distress, and damage to his legal claims.

31. Plaintiff is entitled to treble damages under 18 U.S.C. § 1964(c).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages in an amount to be determined at trial, but not less than $1,000,000;
2. Award punitive damages in an amount sufficient to punish Defendant and deter similar misconduct;
3. Award treble damages pursuant to 18 U.S.C. § 1964(c);
4. Award costs and attorneys' fees as permitted by law;
5. Grant such other and further relief as the Court deems just and proper.

Dated: 10th Day of January 2025, Lockport New York

Jury Trial Demanded

/s/ Timothy Eckert
Pro Se Plaintiff
7571 Fairview Dr.
Lockport, NY 14094
716.566.0767
Tim.eckert@verizon.net