

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY ECKERT,

    Plaintiff,

 -v-

R. SCOTT DELUCA,

    Defendant.

---

1:25-CV-00206-JLS-MJR

REPORT and RECOMMENDATION

   This case has been referred to the undersigned by the Honorable John L. Sinatra, Jr. for all pre-trial matters, including preparation of a report and recommendation on dispositive motions. Before the Court is defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 4). For the following reasons, it is recommended that defendant's motion be granted.

## PROCEDURAL HISTORY

   On January 13, 2025, plaintiff Timothy Eckert filed this *pro se* action in Supreme Court for the State of New York, County of Erie. (Dkt. No. 1-2). Plaintiff asserts causes of action against defendant R. Scott DeLuca, Esq. for fraud, intentional infliction of emotional distress, abuse of process, and civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), including wire fraud and obstruction of justice. (*Id.*).

   Defendant R. Scott DeLuca subsequently removed the action to District Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Dkt. No. 1). The basis for removal is federal question jurisdiction over the RICO Act claim and supplemental jurisdiction over the related state law claims. (*Id.*).

On March 13, 2025, defendant moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 4). Plaintiff filed a response in opposition. (Dkt. No 5). Upon the conclusion of briefing, the Court considered the matter submitted for decision.

## FACTS[1]

Plaintiff's complaint concerns conduct occurring in another lawsuit pending before this Court. Plaintiff claims that defendant DeLuca should face civil liability for his conduct while acting as counsel for defendants in a separate civil action. Plaintiff refers to the other action as a "related case involving multiple defendants, including employees of General Motors, wherein Plaintiff asserts claims for defamation, intentional infliction of emotional distress, civil conspiracy, and violations of the [RICO] Act." (Dkt. No. 1-2, ¶ 6). Although plaintiff does not specify the case name or docket number, he alleges that defendant DeLuca acted "as legal counsel for the defendants in the related case[.]" (*Id.*, ¶ 7). The Court takes judicial notice, based on the allegations of the complaint and the Court's knowledge of its own docket, that the matter to which plaintiff is referring to is the pending matter of *Timothy Eckert v. Michael Paul, et al. ("Eckert I")* (24-CV-01203-JLS-MJR, W.D.N.Y.).[2]

In *Eckert I,* plaintiff has asserted claims of defamation, civil conspiracy under RICO, and willful infliction of emotional distress against several individuals who were plaintiff's supervisors at General Motors in Lockport, New York. (*See Eckert I*, Dkt. No. 1-

---

[1] The facts described herein are taken from plaintiff's complaint (Dkt. No. 1-2), and are assumed to be true for purposes of this motion.

[2] "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

1). The defendants in *Eckert I* are represented by Mr. DeLuca, the defendant in the instant case. Following removal of *Eckert I*, to District Court in December 2024, plaintiff filed numerous motions seeking, *inter alia*, preliminary injunctive relief, requesting reconsideration of an order granting an extension of a filing deadline, accusing Mr. DeLuca of fraud, challenging removal of the case, and demanding sanctions for defendants' purported abuse of the judicial process. (*Id.*, Dkt. Nos. 9, 12, 13, 14, 15, 18). On January 7, 2025, this Court issued a Report and Recommendation which recommended the denial of plaintiff's motions. (*Id.*, Dkt. No. 31). The District Court adopted those recommendations by Decision and Order issued on February 13, 2025. (*Id.*, Dkt. No. 46).

In this action, plaintiff alleges that, in carrying out his representation of the defendants in *Eckert I*, Mr. DeLuca failed to file documents from the underlying state court proceeding in the "Index of State Court Proceedings" which was submitted along with the notice of removal. (Dkt. No. 1-2, ¶¶ 8-15). More specifically, plaintiff alleges that Mr. DeLuca "intentionally and willfully omitted crucial pleadings from the state court record, including Plaintiff's Motion for Default Judgment and Order to Show Cause for a Temporary Restraining Order (TRO)." (*Id.*, ¶ 8). Plaintiff also alleges that Mr. DeLuca "knowingly misrepresented the scope of a stay order issued by Justice Sedita in state court." (*Id.*, ¶ 10). He asserts that Mr. DeLuca "engaged in multiple fraudulent filings to conceal these omissions and defend the misrepresentation of the stay […]." (*Id.*, ¶ 11). He claims that "[d]efendant's fraudulent conduct was part of a coordinated scheme involving the law firm and the defendants in the related case to obstruct justice and protect their clients from accountability." (*Id.*, ¶ 12).

- 3 -

Plaintiff alleges that defendant's fraudulent conduct caused delays in the underlying case and irreparable harm to plaintiff's legal and personal interests. (*Id.*, ¶ 16). As a result, plaintiff seeks compensatory and punitive damages. (*Id.*, ¶ 17).

## DISCUSSION

I.    *Rule 12(b)(6)*

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). Application of the motion to dismiss standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

- 4 -

Where, as here, the plaintiff is proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). That said, even a *pro se* complaint must be dismissed if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

II.    *Motion to Dismiss*

Defendant moves to dismiss plaintiff's complaint on several bases. Defendant first argues that plaintiff's claims must be dismissed because they do not satisfy the standard applicable for a third party to hold counsel for his litigation adversaries civilly liable. Second, defendant argues that each of plaintiff's causes of action fail to state a claim upon which relief can be granted.

a.    *Plaintiff Has Not Meet Standard for Suits Against Litigation Counsel*

It has long been the rule that an attorney cannot be held civilly liable to a third party for his or her actions taken on behalf of a client except upon a showing of fraud or collusion, or a malicious or tortious act. *State of New York v. Poulson*, 26 A.D.3d 650, 651 (3d Dept. 2006) (citing *Pancake v. Franzoni*, 149 A.D.2d 575 (1989)). If a plaintiff does not expressly allege that his opponent's attorney was motivated by "malicious

intentions," the conduct complained of does not give rise to liability as a matter of law. *Nicoleau v. Brookhaven Memorial Hosp. Ctr.*, 181 A.D.2d 815, 816 (2d Dept. 1992).

Courts commonly dismiss claims waged against an adversary's attorney in the absence of allegations that the adversary's counsel was motivated by malicious intent or self-interest. *See Lloyd I. Isler, P.C. v. Sutter*, 160 A.D.2d 609, 610 (1st Dept. 1990) (dismissing claim against opposing party's counsel for tortious interference with contract because there was no proof that "the law firm acted other than in its capacity as the individual defendants' counsel or that its acts were motivated by self-interest"); *M'Baye v. World Boxing Ass'n*, 05-CV-9581, 2009 U.S. Dist. LEXIS 69139, at *28 (S.D.N.Y. July 28, 2009) (dismissing tortious interference with contract claim in the absence of an allegation that adversary's counsel was motived by "malicious intent or personal interest"); *Four Finger Art Factory, Inc. v. DiNicola*, 99-CV-1259, 2000 U.S. Dist. LEXIS 18998, at *21-24 (S.D.N.Y. Dec. 21, 2000) (dismissing claim where there was no allegation that attorney acted outside the scope of his duties as an attorney or was motivated by personal gain).

Here, plaintiff's allegations against defendant are insufficient to meet this standard. Plaintiff alleges that defendant's conduct occurred in the course of representing the defendants in a related matter. He further claims that defendant misrepresented the scope of a state court stay order and omitted pleadings from the removal index in *Eckert I.* This conduct was purportedly "done with intent to mislead the court, delay Plaintiff's ability to secure relief, and gain an unfair advantage for Defendant's clients." (Dkt. No. 1-2, ¶ 9). Plaintiff further alleges that defendant intended "to obstruct justice and to protect [his] clients from accountability." (*Id.*, ¶ 12).

Notably lacking from plaintiff's complaint are any plausible allegations that defendant was motivated by self-interest or malicious intent. Plaintiff has not alleged that defendant counsel had any interest in the outcome of his client's litigation or motivation to collude or obstruct justice. In fact, all of defendant's alleged misconduct relates directly to the representation of his client's interest in *Eckert I*. There is no claim that defendant acted outside of the scope of his duties as an attorney or that he was motivated by personal gain in defending the underlying action. In the absence of such allegations, plaintiff's claim against his adversary's counsel cannot succeed. *See Four Finger Art Factory, Inc.*, 2000 U.S. Dist. LEXIS 18998, at *21-24.

Accordingly, the Court recommends that plaintiff's complain be dismissed.

### b. *Plaintiff Fails to State a Claim for Fraud*

In addition to plaintiff's failure to allege that defendant acted out of malicious intent or self-interest, plaintiff has failed to allege facts necessary to state a claim for fraud.

Under New York law, a plaintiff alleging fraud must prove five elements by clear and convincing evidence: "(1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to the plaintiff." *Bank of Am., N.A. v Bear Stearns Asset Mgmt.*, 969 F. Supp. 2d 339, 351 (S.D.N.Y. 2013).

Further, a plaintiff must satisfy heightened pleading requirements for a fraud claim. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fraud must be pled with particularity, which requires that the plaintiff "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the

speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 186 (2d Cir. 2004). "In other words, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *Sulieman v. Igbara*, 599 F. Supp. 3d 113, 120 (E.D.N.Y. 2022) (citation omitted). A plaintiff alleging fraud must provide detailed allegations of the alleged fraud, and cannot rely on conclusory or speculative allegations. *Amos v. Biogen Idec Inc.*, 28 F. Supp. 3d 164, 172 (W.D.N.Y. 2014).

Here, plaintiff's complaint does not establish a *prima facie* claim of fraud and does not satisfy the heightened pleading standard under Rule 9(b). Plaintiff alleges that defendant misrepresented to this Court the scope of an order issued in state court in the underlying proceeding. He also alleges that defendant omitted documents filed in state court when providing an index of documents upon removal of the case to District Court. Neither allegation concerns a misrepresentation made to plaintiff with the intent to defraud plaintiff. Under New York law, a plaintiff cannot claim fraud arising from a misrepresentation made to a third party unless the defendant made the misrepresentation "with the intent that it be communicated to the plaintiff and that the plaintiff rely on it." *See Red Mt. Med. Holdings, Inc. v. Brill*, 23-433-CV, 2024 U.S. App. LEXIS 5623, at *3 (2d Cir. Mar. 8, 2024) (summary order) (citation omitted). Plaintiff's allegations are based upon an alleged misrepresentation of facts to the Court, rather than to plaintiff.

Moreover, plaintiff has not alleged that he reasonably relied on the alleged misrepresentations. Plaintiff does not even attempt to claim that he lacked knowledge of the truth of the relevant state court proceedings. In fact, the proceedings in *Eckert I*

demonstrate that plaintiff was aware of defendant's alleged omission of pleadings and misrepresentations because he raised these exact claims before the Court. *See Eckert I* (Dkt. Nos. 9, 12, 13, 14, 15, 18, 24, 27, 28, 30) (accusing defendants' counsel of fraud upon the Court and seeking sanctions for such conduct).[3] Lastly, plaintiff has not plausibly alleged damage resulting from the conduct he claims occurred. Plaintiff states that the conduct "caused delays in [*Eckert I*] and irreparable harm to Plaintiff's legal and personal interests." Such generalized and conclusory allegations of harm are insufficient.[4]

For these reasons, it is recommended that plaintiff's fraud claim be dismissed.

### c. *Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress*

Plaintiff has also failed to allege facts necessary to state a claim for intentional infliction of emotional distress.

In New York, the standard for a claim of intentional infliction of emotional distress is stringent. The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993). A cause of action for intentional

---

[3] Indeed, the Court has already heard and rejected plaintiff's claims that the *Eckert I* defendants and defendants' counsel, Mr. DeLuca, defrauded the Court by misrepresenting the underlying state court proceedings before this Court. (See Dkt. No. 31, pgs. 12-13). Nonetheless, the Court does not rely on any of its findings in *Eckert I* in considering this motion to dismiss. *See Global Network Communs., Inc.*, 458 F.3d at 157 ("although [an agency determination] may be public records of which a court may take judicial notice, 'it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'"); *see also Graham v. Runnels*, 07-CV-2291, 2012 U.S. Dist. LEXIS 103249, at *23 (E.D. Cal. July 23, 2012) ("While documents that are public records may be judicially noticed for the purpose of showing the occurrence of a judicial proceeding that a particular document was filed in a separate court case, or that a specific fact was found, judicial notice for the truth of the findings of facts from another case is not appropriate.").

[4] It is also noted that any harm which might have resulted from defendant's alleged misrepresentation of the state court case filings in *Eckert I* could have been mitigated by plaintiff's filing of the allegedly omitted pleadings, documents, or orders with this Court to correct the record. In fact, plaintiff did submit one of the allegedly omitted documents for the Court's review. *See Eckert I* (Dkt. No. 28).

infliction of emotional distress requires, *inter alia*, an allegation of extreme and outrageous conduct. *Batra v. D'Youville College*, CA 00-00971, 2001 N.Y. App. Div. LEXIS 1750, at *4 (4th Dept. Feb. 7, 2001). That requirement is difficult to satisfy because it means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* "In New York, claims for intentional infliction of emotional distress are extremely disfavored, and [o]nly the most egregious conduct has been found sufficiently extreme and outrageous to establish such a claim." *Duffy v. WM Res., Inc.*, 24-CV-6486, 2025 U.S. Dist. LEXIS 8796, at *5 (W.D.N.Y. Jan. 16, 2025).

Plaintiff's complaint does not contain any factual allegations that come even remotely close to meeting the elements of an intentional infliction of emotional distress claim. His pleading is limited to allegations that defendant failed to file certain documents in a civil action and misrepresented to this Court the terms of an order issued by a state court judge. None of these facts constitute extreme or outrageous conduct going beyond the bounds of decency. Plaintiff has also failed to plausibly allege that defendant acted with intent to cause him severe emotional distress or that plaintiff actually suffered severe emotional distress. Nor has he specified a causal connection between the alleged conduct and any injury he suffered.

Plaintiff's plainly inadequate claim of intentional infliction of emotional distress is of the type routinely dismissed by New York courts. *See Vassenelli v. City of Syracuse*, 138 A.D.3d 1471, 1476 (4th Dept. 2016) (dismissing intentional infliction of emotional distress claim because the allegations of the complaint "fall far short" of the requisite extreme and outrageous behavior necessary for the cause of action); *Gilewicz v. Buffalo Gen.*

*Psychiatric Unit*, 118 A.D.3d 1298, 1299-1300 (4th Dept. 2014) (allegations that defendants withdrew blood from plaintiff over his religious objections were not extreme or outrageous conduct); *see also Duffy*, 2025 U.S. Dist. LEXIS 8796, at *5 (finding that sparse allegations of the complaint do not "rise to the level of heinousness required to plead intentional infliction of emotional distress"); *Rolley-Radford v. Modern Disposal Servs.*, 21-CV-1229, 2023 U.S. Dist. LEXIS 139000, at *20-21 (W.D.N.Y. Aug. 9, 2023) (dismissing intentional infliction of emotional distress claim in employment discrimination case where plaintiff's complaint lacked details about sexual harassment); *Pennington v. City of Rochester*, 13-CV-6304, 2018 U.S. Dist. LEXIS 101499, at *5-6 (W.D.N.Y. June 18, 2018) (finding that intentional infliction of emotional distress was not plausible based on allegation that law enforcement officer entered plaintiff's home while performing a welfare check).

For these reasons, it is recommended that plaintiff's intentional infliction of emotional distress claim be dismissed.

### d. Plaintiff Fails to State a Claim for Abuse of Process

Plaintiff has also failed to allege facts necessary to state a claim for abuse of process.

Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984). An abuse of process claim requires a collateral purpose "such as the infliction of economic harm, extortion, blackmail, or retribution." *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 391 (E.D.N.Y. 2013). A malicious motive alone does not

give rise to a cause of action for abuse of process. *Curiano*, 63 N.Y.2d at 117. The crux of an abuse of process claim is the collateral purpose, i.e., that the defendant "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003).

In New York, "a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). To commit the tort, a party must improperly use legal process after it is issued for a result and in a manner neither intended nor sanctioned by the law. *See First Merch. Bank OSH, Ltd. v. Vill. Roadshow Pictures (USA) Inc.*, 01-CV-8370, 2002 U.S. Dist. LEXIS 11769, at *25-26 (S.D.N.Y. June 28, 2002). "In other words, [a]buse of process resembles a form of extortion, by which the defendant invokes legal process to coerce the plaintiff into doing something other than what the process necessitates." *Santiago v. City of Rome*, 24-CV-704, 2025 U.S. Dist. LEXIS 29073, at *21 (N.D.N.Y. Feb. 19, 2025).

In this case, plaintiff has failed to set forth facts to sufficiently plead an abuse of process claim against defendant. His complaint alleges that defendant "misused legal procedures, including the removal process and stay misrepresentations to obstruct Plaintiff's ability to pursue his claims and secure relief." (Dkt. No. 1-2, ¶ 23). Although plaintiff alleges that defendant's conduct was done with an improper purpose, he fails to identify that purpose or collateral objective. Plaintiff has not alleged that defendant's purported misconduct was intended to result in "performance or forbearance of some act."

- 12 -

*See Cook*, 41 F.3d at 80. In fact, plaintiff does not assign any purpose to defendant's alleged conduct other than representing his clients' interests in *Eckert I*. Plaintiff also fails to plausibly allege that defendant had an "intent to do harm without excuse or justification." *Id.*, 41 F.3d at 80. Plaintiff's complaint provides no explanation or factual allegations as to why defendant engaged in the misconduct plaintiff alleges. The conclusory allegation that defendant misused legal procedures to obstruct plaintiff's ability to pursue a legal claim is not sufficient to support a plausible claim that defendant acted with a collateral purpose.

For these reasons, it is recommended that plaintiff's abuse of process claim be dismissed.

### e.  *Plaintiff Fails to State a Claim under RICO*

Plaintiff has also failed to allege facts necessary to state a claim of civil RICO violations.

To assert a civil RICO claim, a plaintiff must allege "(1) a substantive RICO violation under [18 U.S.C.] § 1962; (2) injury to the plaintiff's business or property, and (3) that such injury was by reason of the substantive RICO violation." *In re US FoodServ. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013) (citation omitted). Plaintiff's burden is high when pleading RICO allegations. *Spiteri v. Russo*, 12-CV-2780, 2013 U.S. Dist. LEXIS 128379, at *171 (E.D.N.Y. Sept. 7, 2013). To state a substantive RICO claim, a plaintiff must plead, "(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect

- 13 -

interstate or foreign commerce." *Mackin v. Auberger*, 59 F. Supp. 3d 528, 541-42 (W.D.N.Y. 2014) (internal quotations removed).

Again, plaintiff's complaint falls far short of these requirements. Plaintiff has not plausibly alleged that defendant engaged in a pattern of racketeering activity or that he maintains an interest in, or participates in, an enterprise under the meaning of the statute. Plaintiff's bare claims that defendant made fraudulent electronic filings with the Court in coordination with his law firm and clients in *Eckert I* lack the necessary level of detail and specificity to support a plausible claim of RICO violations.

In addition to the substantive RICO pleading requirements, it is also plaintiff's obligation under Rule 9 of this Court's Local Rules of Civil Procedure to file a RICO case statement alleging specific facts in support of his claim. *See* L.R.Civ.P. 9 (requiring any party asserting a claim, cross-claim, or counterclaim under RICO, 18 U.S.C. § 1961 *et seq*, to file and serve a "RICO Case Statement" under separate cover). Rule 9 requires that the case statement "shall be filed contemporaneously with the papers first asserting the party's RICO claim, cross-claim or counterclaim, unless the Court grants an extension of time for filing." Failure to file a RICO case statement is grounds for dismissal under the Local Rules. *See* L.R.Civ.P. 9; *see also Mackin*, 59 F. Supp. 3d at 540.

Here, plaintiff has not met the requirement to file a RICO case statement following removal of this action to District Court. Nor has plaintiff sought an extension of time to file such statement. Plaintiff's RICO claim may be dismissed on this basis alone. *See Lisa Coppola, LLC v. Higbee*, 19-CV-678, 2020 U.S. Dist. LEXIS 41536, at *17 (W.D.N.Y. Mar. 9, 2020) (dismissing RICO claims for noncompliance with Local Rule 9 where plaintiff filed untimely RICO case statement and offered no excuse for delayed filing).

- 14 -

For these reasons, it is recommended that plaintiff's civil RICO claim be dismissed.

### III.   *Leave to Amend*

When a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Further, the Second Circuit has instructed that a *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). However, leave to amend is not required where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, although the Court has serious doubts about the viability of plaintiff's causes of action based upon these facts, given plaintiff's *pro se* status, the Court recommends that plaintiff be give an opportunity to replead his claims if he so chooses.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss (Dkt. No. 4) be granted and plaintiff's complaint be dismissed.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:        March _25_, 2026
              Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge

- 16 -